## SUPREME COURT.

### ERASTUS DAVISON agt. PHILIP J. POWELL.

Where the action was commenced by summons, which stated that the complaint would be filed in the office of the clerk of the city and county of New-York, at the city hall in the city of New-York, and, on demand, the complaint was served, which did *not specify the venue or place of trial,*

*Held,* on a motion to set aside the complaint for irregularity, that, under § 176, the complaint might be amended, but that the place of trial was sufficiently indicated by the summons to require the defendant to make his motion in the *city and county of New-York*—this not being done, the motion was denied, without costs.

*Albany Special Term, Aug.,* 1856.

MOTION to set aside complaint for irregularity.

The action was commenced by summons without complaint. The summons was entitled, " Supreme Court, New-York," and

---
Davison agt. Powell.
---

required the defendant to answer the complaint, which would be filed in the office of the clerk of the city and county of New-York, at the city hall in the city of New-York. The defendant appeared by an attorney, and demanded a copy of the complaint, which was duly served. The complaint was entitled, "New-York Supreme Court," but no venue or place of trial was stated. Upon the back of the complaint it was indorsed, "Supreme Court, City and County of New-York." Upon these facts the defendant moved to set aside the complaint for irregularity.

J. P. Hyatt, *for plaintiff.*
J. W. Culver, *for defendant.*

Harris, Justice. By the summons, the defendant was apprised that the complaint would be filed in the office of the clerk of the city of New-York. The third rule of the court requires all papers to be filed in the county specified in the complaint as the place of trial. The defendant, therefore, was distinctly informed, when served with the summons, that the plaintiff intended to locate the place of trial in the city of New-York. It is true, that the plaintiff is required by the 142d section of the Code to specify, in his complaint, the name of the county in which he desires the trial to be had. In this respect the complaint is defective. No county is named. But, as I understand the mandate contained in the 176th section of the Code, I am required to disregard this defect, if I see that it has not affected the substantial rights of the defendant. I should, therefore, be inclined to allow the complaint to be amended, as was done in *Merrill* agt. *Grinnell,* (10 *How.* 31,) but for the fact, that the motion should have been made in the city of New-York. For the reasons already stated, I think New-York was sufficiently indicated as the place of trial to require the defendant to make his motion there.

The motion must, therefore, be denied, but without costs.